IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Matthew T. Brown, Sr., | ) | C/A No. 0:10-695-DCN-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Anthony Padula, Warden of Lee Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Matthew T. Brown, Sr. ("Brown"), a self-represented state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 20.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 22.) Brown filed a response in opposition to the respondent's motion. (ECF No. 24.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion should be granted.

**BACKGROUND**

Brown was indicted in Dorchester County in June 2000 for first degree criminal sexual conduct (00-GS-18-573) and in March 2001 for three counts of intimidation of a witness (01-GS-18-167, -168, & -169). (App. at 136-43, ECF No. 21-2 at 8-15.) Brown was represented by Marva Hardee-Thomas, Esquire, and on April 24-25, 2001, was tried by a jury and found guilty as charged. (App. at 334-35, ECF No. 21-3 at 76-77.) The circuit court sentenced Brown to thirty years'

imprisonment for first degree criminal sexual conduct, and ten years' imprisonment for each count of intimidation of a witness, all sentences to be served consecutively. (App. at 337, ECF No. 21-3 at 79.)

Brown filed a direct appeal, which was dismissed by the South Carolina Court of Appeals. Brown petitioned the South Carolina Supreme Court for a writ of certiorari, which was denied. Brown then filed an application for post-conviction relief ("PCR"). Although the state circuit court granted PCR relief, the South Carolina Supreme Court reversed the decision of the lower court.

### FEDERAL HABEAS ISSUES

Having exhausted his state remedies, Brown asserts the following issues in the instant petition for a writ of habeas corpus:

> **Ground One:** Prior Bad Acts:
> **Supporting Facts:** A Prior Bad Act must be established by clear and convincing evidence to be admissible at trial, and there must be a close degree of similarity or connection between the Prior Bad Act and the crime charged. See Respondent brief pg. 5-7 in Appendix – C.[1]
>
> **Ground Two:** Impeachment:
> **Supporting Facts:** Counsel failed to elicit evidence indicating that alleged victim had falsely accused Petitioner in Baltimore. See Restricted Document in Appendix –B. Counsel failed to utilized exculpatory Brady material when she failed to broach the subject of a psychic's involvement in connection to the victim's allegations. See Respondent brief pg. 7-8 in Appendix – C.
>
> **Ground Three:** Right to testify:
> **Supporting Facts:** A defendant has a Right to Testify in his defense. Counsel erred in advising Petitioner not to Testify, when Petitioner's testimony could have provided reasonable doubt in the case. See Respondent brief pg. 8 in Appendix – C.

---

[1] Brown's filings clearly show that he is advancing this ground as an ineffective assistance of counsel claim based on counsel's failure to adequately object to this evidence at trial.



**Ground Four:** Lesser Included Offense:
**Supporting Facts:** Trial counsel erred in failing to request a charge of assault and battery of a high and aggravated nature, which is the Lesser Included offense of Criminal Sexual Conduct in the first Degree pursuant to South Carolina Supreme Court.

(ECF No. 1 at 4-5.)

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate.  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth



specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

B.     **Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Harrington v. Richter, 131 S. Ct. 770, 785 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington,



131 S. Ct. at 786 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).  Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review.  Id. at 785.  Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning.  See id. at 784 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court).  If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief.  Id.  Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court.  Id. at 786.  "If this standard is difficult to meet, that is because it was meant to be."  Id.  Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal."  Id. (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C.     Brown's Ineffective Assistance of Counsel Claims**

Brown's grounds all revolve around contentions that his trial counsel was ineffective in violation of the Sixth Amendment.  A defendant has a constitutional right to the effective assistance of counsel.  To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result.  Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").



To satisfy the first prong of Strickland, a petitioner must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Prejudice may be presumed when (1) a defendant is completely denied counsel at a critical stage of his trial, (2) counsel "entirely fails to subject the prosecution's case to a meaningful adversarial testing," or (3) "although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." United States v. Cronic, 466 U.S. 648, 659 (1984).

The United States Supreme Court has recently cautioned federal habeas courts to "guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)." Harrington, 131 S. Ct. at 788. The Court observed that while " '[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Id. (quoting Padilla v. Kentucky, 559 U.S. ___, ___, 130 S. Ct. 1473, 1485 (2010)). The Court instructed that the standards created under Strickland and § 2254(d) are both " 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id. (citations omitted). Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.



Although the Supreme Court has held that a decision containing a reasoned explanation is not required from the state court, in the case at bar this court has the benefit of the South Carolina Supreme Court's written opinion. Having reviewed the state Supreme Court's order pursuant to the § 2254 standard, the court finds for the reasons that follow that the Supreme Court properly applied the Strickland test in determining that no Sixth Amendment violation occurred.

In his Petition, Brown argues that trial counsel was ineffective (1) in failing to object to testimony regarding his prior bad acts and a criminal domestic violence conviction; (2) in failing to elicit evidence that the victim had falsely accused Brown and in failing to impeach the victim regarding a psychic's involvement in connection with her allegations; (3) in advising him not to testify at trial; and (4) in failing to request that the trial judge instruct the jury on the lesser included offense of assault and battery of a high and aggravated nature ("ABHAN").[2]

The South Carolina Supreme Court considered each of these claims and first found that under Strickland, Brown could not establish that he was prejudiced by the alleged deficiencies of trial counsel. Specifically, the state Supreme Court found that, contrary to the conclusion of the PCR court, there was no evidence in the record that trial counsel entirely failed to subject the prosecution's case to a meaningful adversarial testing, such that prejudice would be presumed. See Cronic, 466 U.S. at 659. The state Supreme Court further found that due to the overwhelming evidence of guilt presented at trial, Brown could not show that but for any of counsel's deficiencies, the result of Brown's trial would have been different. See Strickland, 466 U.S. at 694.

---

[2] As an initial matter, Brown appears to have abandoned Grounds Three and Four by failing to address them in response to the respondent's motion for summary judgment. For the reasons that follow, the court nonetheless finds that Brown has failed to demonstrate that he is entitled to federal habeas relief on these grounds.



In reaching this conclusion, the South Carolina Supreme Court found the following relevant facts:

> Respondent[3] was indicted for CSC in the first degree and three counts of intimidation of a witness. At trial, the State presented a great deal of evidence concerning these charges. Respondent's daughter (Victim) testified to Respondent's history of sexually abusing her. The abuse began while the family lived in Maryland and escalated when they moved to South Carolina. After the move, Respondent had sex with Victim nearly every day before she went to school. Additionally, Victim testified that Respondent took her, on multiple occasions, to local hotels where he had sex with her. The abuse culminated in Respondent's rape of Victim at her grandmother's house, the act for which Respondent was charged with CSC. Victim testified concerning the specific details of the rape at her grandmother's home.[4]
>
> The State presented various, additional witnesses that supported Victim's testimony concerning the rape and prior sexual abuse. These witnesses did include three family members, the manager of a hotel at which Respondent took Victim to have sex, and Victim's treating psychologist. Each family member testified that they discussed the abuse with Victim and believed that her claims were true. Victim's aunt testified that Victim asked her to return a room key to a hotel at which Respondent had sex with her. The hotel manager testified that his records indicated that Respondent checked into the hotel at one of the specific times Victim says Respondent had sex with her. Furthermore, Victim's treating psychologist testified that Victim exhibited symptoms of post-traumatic stress disorder consistent with those that would manifest in someone who had been raped.
>
> Regarding the intimidation of a witness charge, the State introduced three threatening letters which Respondent sent to the family members who testified against him at trial. The receipt of the letters and the threatening intent with which they were sent was supported by the family members' testimony.

(ECF No. 21-16 at 2-3.) Based on a review of the record, Brown cannot demonstrate by clear and convincing evidence that the South Carolina Supreme Court made any unreasonable factual findings. See 28 U.S.C. § 2254(d)(2), (e)(1); (App. at 196-207, 226-34, 236, 257-60, 265-66, 268-71, 276-88,

---

[3] All references to Respondent in this block quote refer to the petitioner in this matter, Brown.

[4] Specifically, Victim testified that during the night, Respondent entered the room where Victim was sleeping and, armed with a knife, dragged her into the living room where he raped her behind a chair.



297-99, ECF No. 21-2 at 68-79, 98-106, 108, 129 through ECF No. 21-3 at 2, 6-8, 10-13, 18-30, 39-41; see also App. at 117-24, 136-37, ECF No. 21-1 at 119-26, ECF No. 21-2 at 8-9.)

Further, assuming, as the state Supreme Court did, that even if any of the alleged errors by trial counsel fell below the objective standard of reasonableness guaranteed by the Sixth Amendment, the South Carolina Supreme Court correctly found that any error by trial counsel in this regard was harmless. See Strickland, 466 U.S. at 697 (finding that a court need not resolve the first prong of the test before proceeding to the prejudice prong if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice). The court finds that the state Supreme Court did not unreasonably misapply the second, "prejudice" prong of the Strickland test, as Brown cannot show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" in light of the overwhelming evidence against him. Id. at 694; see also Harrington, 131 S. Ct. at 788; § 2254(d)(1). Accordingly, Brown has failed to demonstrate that he is entitled to federal habeas relief.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (ECF No. 20) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 2, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).